

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | | |
|---|---|---|---|
| *Timothy F. Hagan, Jr.* | *Mailing Address:* | *Office Location:* | *DIRECT: 301-344-8134* |
| *Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN: 301-344-4433* |
| *Timothy.Hagan@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX: 301-344-4516* |

September 2, 2022

**VIA CM/ECF**
The Honorable George J. Hazel
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *United States v. Rashaun Onley*
               Criminal No. GJH-21-158

Dear Judge Hazel:

I write to aid the Court in the sentencing hearing scheduled to be held in this matter on Tuesday, September 6, 2022 at 10:00 a.m.

The Government's position with respect to the guidelines calculations is consistent with the guidelines calculations in the plea agreement. The Government agrees with the Presentence Investigation Report ("PSR") prepared by the United States Probation Office that the applicable totel offense level is 27 and the criminal history category is IV. Therefore the Government asserts, pursuant to its agreement with Mr. Onley, that the applicable guidelines range for counts one and five is 100-125 months. Count six carries a term of imprisonment of seven years to life, and is to run consecutively to any other count. 18 U.S.C. § 924(c)(1)(A)(ii).

The government requests that the Court accept the terms of the plea agreement in this matter under Rule 11(c)(1)(C), binding itself to a sentence of not less than 144 months and not more than 192 months of imprisonment.

The stipulation of facts contained in the plea agreement adequately sets forth the nature and circumstances of the offense.

The Government recommends a 184 month term of imprisonment, to be followed by a 3 year term of supervised release, no fine, $300 restitution to Convenience Store One, and a $300 special assessment. The Government submits that such a sentence is required to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter the Defendant, as well as to protect the public from further crimes of the Defendant.

The sentence requested by the Government is reasonable, but not greater than necessary, to effectuate the goals of sentencing under 18 U.S.C. § 3553(a). Mr. Onley's criminal history since the age of 17 indicates that he is a danger to the community, even when under Court supervision. Mr. Onley to date has failed to take advantage of the criminal justice system's efforts at both juvenile rehabilitation and adult rehabilitation (through Washington, D.C.'s Youth Rehabilitation Act). The consequence of this failure is not just Mr. Onley continuing to break the law, but the trauma inflicted on law-abiding citizens who were victims merely because they were available: working the overnight shift at a convenience store; retrieving groceries from their vehicle to bring to their apartment; using an ATM in broad daylight. They did not realize that a 21-year-old felon who had already been convicted of separate incidents of robbery, assaultive behavior, attempted robbery, and felon in possession of a firearm and was currently on court supervision after serving his previous term of imprisonment was looking to continue to use a gun, now to steal cars and money.

The sentence requested by the Government would reflect the seriousness of these offenses, promote respect for the law, and provide just punishment. The sentence is a significantly graduated sanction from Mr. Onley's previous sentences, not only because those sentences failed to deter the Defendant or instill in him enough respect for the law and others that he would not prey on the innocent with violence, but also to reflect the seriousness of the offenses. And while incapacitation for the requested period of time will protect the public while Mr. Onley is imprisoned, the Court also must consider what sentence will protect the public from further crimes of Mr. Onley even once released. The requested sentence seeks to address that need under § 3553a. The requested sentence will also give Mr. Onley sufficient time to rehabilitate himself through vocational and educational training as needed.

Mr. Onley, as a result of his conduct, will lose over a decade of his life to imprisonment while his peers are hitting various milestones of adulthood. But sadly, his conduct makes this necessary because the public deserves to be safe from his repeated violent conduct. He will reenter the community as a man around thirty years old with a record of violent conduct and significant time in prison. While that difficult transition will be aided by a support network including a probation officer assisting him finding employment, housing, and treatment as needed, it is nonetheless tragic. But this significant sentence and supervision period is also tragically *necessary*—to protect the public from further violent crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

    Very truly yours,

    Erek L. Barron
    United States Attorney

    */s/ Timothy F. Hagan, Jr.*
    Timothy F. Hagan, Jr.
    Assistant United States Attorney